IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY VANEK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3223 |
| | ) | |
| v. | ) | |
| | ) | |
| I.I., Inc., | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S MOTION IN LIMINE |
| Defendant. | ) | |
| | ) | |

     Now before me is a motion in limine filed by the plaintiff, Sherry Vanek. (See filing 44.) The plaintiff seeks "an order excluding any and all testimony at any stage of trial . . . which would relate to the mental or physical health or alleged mental or physical conditions, defects or disabilities of Jo Levitt," an owner of Defendant I.I. Inc. (Pl.'s Br., filing 45, at 1.) The plaintiff believes that the defendant will attempt to elicit such testimony "for the purpose of showing that the alleged discriminatory actions of Ms. Levitt resulted from an alleged mental defect, disability, condition or illness." (Id. at 2.) In other words, the plaintiff is concerned that "the [d]efendant may attempt to allege some type of insanity defense in order to demonstrate Jo Levitt did not act in a discriminatory or willful manner toward the [p]laintiff." (Id.)

     The plaintiff objects to the anticipated evidence on the grounds that it is irrelevant; that the defendant has not disclosed any expert witnesses who might be qualified to testify about Ms. Levitt's "alleged mental or physical disability, condition, defect or illness"; that the "insanity defense" was not raised in the defendant's answer and is not recognized in ADEA cases; and that the "[d]efendant seeks to introduce this evidence only to attempt to elicit sympathy from the jury." (Pl.'s Br., filing 45, at 1-3.) In response, the defendant states that it does not plan to assert an insanity defense, but it argues that "[a]ll testimony regarding Ms. Levitt's advanced age, failing health, mercurial management style and eccentric business judgment should be considered by the trier of fact when determining [whether] the [p]laintiff's position was eliminated for legitimate nondiscriminatory reasons." (Def.'s Br., filing 66, at 2.)

1

It seems to me that the plaintiff's motion must be denied.  First, I note that evidence of Levitt's "mercurial management style" and eccentricities may well be relevant, assuming that the evidence will show that the decision to terminate the plaintiff was made by Levitt.  As another district court recently noted, "[a]n employer is entitled to be hasty, ill-informed, mercurial, or just wrong in its employment decisions; what an employer may not do is base employment decisions on age (or any other protected criterion) in contravention of civil rights law."  Logan v. Countrywide Home Loans, N. 04-5974, 2007 WL 879010, at *6 (E.D. Penn. March 15, 2007).  If it wishes, the defendant is entitled to argue that Levitt's decision to fire the plaintiff was merely the product of Levitt's eccentricities, as opposed to a discriminatory animus.

Second, and relatedly, I note that in its answer to the amended complaint, the defendant averred that it had "legitimate, nondiscriminatory reasons for its actions," and it denied that the plaintiff's age influenced the termination decision.  (See Answer, filing 5, ¶¶ 11-12, 14, 30.)  The plaintiff's suggestion that the anticipated evidence must be excluded due to shortcomings in the defendant's pleading is not persuasive.

Third, I am not persuaded that the anticipated evidence must be excluded on the ground that the defendant does not intend to call expert witnesses to testify about the plaintiff's mental or physical health.  At trial, the plaintiff will be free to raise objections under Federal Rule of Evidence 701 if she believes that the witnesses' lay testimony exceeds the limits set forth in that rule.

Finally, I am not convinced that the anticipated evidence is intended solely to elicit sympathy from the jury; nor am I convinced that the potential for sympathy warrants an order excluding the evidence under Federal Rule of Evidence 403.

In sum, the plaintiff's motion in limine will be denied, though it merits mention that this ruling (like all in limine rulings) is subject to reconsideration at trial.  See Luce v. United States, 469 U.S. 38, 41-42 (1984).

**IT IS ORDERED** that the plaintiff's motion in limine, filing 44, is denied.

Dated August 14, 2007.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge