IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY VANEK, Plaintiff, v. I.I., Inc., Defendant. | 4:06CV3223 MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

Now before me is a set of motions in limine filed by the defendant, I.I. Inc. (See filings 57, 59, 61.) My analysis of each of these motions is set forth below, though it should be noted that my rulings are preliminary decisions and are subject to change in light of the evidence presented at trial. See Luce v. United States, 469 U.S. 38, 41-42 (1984) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## I. THE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO THE VILLAGER STAFF MANUAL

The defendant seeks an order precluding any mention at trial of "[a]llegations that relate to or refer to a purported Villager Staff Manual with a mandatory retirement policy." (Filing 57 at 1.) In support of its motion, the defendant argues that the staff manual must be excluded under Federal Rule of Evidence 402, or, alternately, Federal Rule of Evidence 403, because it was "never utilized or distributed by the [d]efendant, and there is absolutely no evidence demonstrating that it has any impact on the decisions at issue in this case." (Def.'s Br., filing 58, at 3.) In opposition to the defendant's motion, the plaintiff correctly notes that the defendant submitted a copy of the staff manual in support of its motion for summary judgment, and that Jo Levitt, one of the defendant's owners, signed an affidavit stating that this staff manual represented "a written equal employment opportunity policy" that the defendant maintained

"[d]uring all times relevant to this action." (See Pl.'s Br., filing 75, at 1-2; Def.'s Index, filing 29, Ex. 7, Jo Levitt Aff. ¶ 7; id., Ex. 7, Jo Levitt Aff. Ex. B.) In addition, the plaintiff refers me to evidence indicating that in 2003, Levitt asked her former general manager, Jason Johnson, to lower the age set forth in the staff manual's mandatory retirement policy so that she could "get rid of" two older employees. (See Pl.'s Br., filing 75, at 2-3.)

The plaintiff's observation that the defendant has reversed its position regarding the relevance of the staff manual is well-taken. More importantly, the Eighth Circuit has "cautioned . . . about the harmful effects of blanket evidentiary exclusions in discrimination cases, noting that '[a] plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance. . . .'" Callanan v. Runyun, 75 F.3d 1293, 1297-98 (8th Cir. 1996) (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)). "Thus, '[b]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.'" Id. at 1298 (quoting Hawkins v. Hennepin Technical Ctr., 900 F.2d 153, (8th Cir. 1990)). "The evidence, however, must assist in the development of a reasonable inference of discrimination within the context of each case's respective facts." Id. (quoting Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1419 (8th Cir. 1995)).

I am not persuaded that a "blanket" exclusion of all references to the staff manual and its mandatory retirement policy is warranted. The staff manual generally, and Jo Levitt's 2003 attempt to manipulate the manual's mandatory retirement policy in particular, constitute evidence of past discriminatory policy and practice that may illustrate that the defendant's asserted reasons for firing the plaintiff are a pretext for intentional age discrimination. Moreover, this evidence does not concern "generalized, subjective assertions of a perceived bias" on the part of someone who was not responsible for the decision to terminate the plaintiff, as was the case in Callanan. 75 F.3d at 1298. Rather, it concerns a specific incident that may demonstrate age-based bias on the part of Jo Levitt, who may have been directly responsible for the decision to terminate the plaintiff. Thus, the evidence may "assist in the development of a reasonable inference of discrimination" in this case.

In sum, the evidence that the defendant seeks to exclude is relevant, and I am not convinced that its probative value is outweighed by the dangers cited in Federal Rule of Evidence 403. The defendant's motion in limine to exclude references to the staff manual will therefore be denied.

## II. THE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO FREDRICK RUFFIN'S IMMIGRATION STATUS

The defendant seeks an order precluding any mention at trial of "[a]llegations that relate to or refer to . . . Fredrick Ruffin's immigration status." (Filing 59 at 1.) In support of its motion, the defendant notes that "[d]uring discovery in this case, [p]laintiff's counsel asked several questions about [the d]efendant's alleged working relationship with Fredrick Ruffin and his alleged status as an illegal immigrant," and argues that this evidence should be excluded because it is "wholly unrelated" to the plaintiff's claims. (Def.'s Br., filing 60 at 2.) In opposition to the defendant's motion, the plaintiff argues that Jo Levitt directed Jeff Ford to violate immigration laws and "to lie to governmental agencies about Mr. Ruffin." (Pl.'s Br., filing 78, at 2.) She asserts that "[t]he directives of . . . Jo Levitt . . . regarding allegedly illegal employment practices are relevant, material, and probative to the instant action and [may be used] for purposes of impeachment." (Id.)

I fail to see how evidence concerning Mr. Ruffin's immigration status might "assist in the development of a reasonable inference of discrimination within the context of [this] case's . . . facts." Callanan v. Runyun, 75 F.3d 1293, 1298 (8th Cir. 1996) (quoting Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1419 (8th Cir. 1995)). This evidence will therefore be excluded.

## III. THE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO ADVERSE ACTIONS AGAINST DIXIE CERVENY OR TO ANY PATTERN OR PRACTICE OF AGE DISCRIMINATION

The defendant seeks an order precluding any mention at trial of "[a]llegations that relate to or reference any actual or contemplated adverse action against Dixie Cerveny or any pattern or practice of age discrimination." (Filing 61 at 1.) In support of this motion, the defendant argues that because "[t]here is absolutely no evidence to suggest a pattern and practice of discrimination

in this case," and because the "[p]laintiff failed to allege pattern and practice discrimination in her Complaint," evidence concerning "actual or contemplated adverse action against Dixie Cerveny or any pattern or practice of age discrimination" must be excluded. (Def.'s Br., filing 62 at 2-3.) In response, the plaintiff refers me to evidence indicating that Dixie Cerveny was one of two older employees whom Jo Levitt wanted to "get rid of" by lowering the defendant's mandatory retirement age in 2003. (See Pl.'s Br., filing 73, at 1-3.) (See also supra Part I.)

It is true that the plaintiff has not alleged that the defendant engaged in a pattern or practice of age discrimination. Nevertheless, for the same reasons that require the denial of the defendant's first motion in limine, (see supra Part I (citing Callanan v. Runyun, 75 F.3d 1293, 1297-98 (8th Cir. 1996)), I find that the defendant's motion to exclude evidence regarding Jo Levitt's plan to "get rid of" older employees, including Dixie Cervany, must be denied.

**IT IS ORDERED** that:

1. The defendant's first motion in limine, filing 57, is denied;

2. The defendant's second motion in limine, filing 59, is granted; and

3. The defendant's third motion in limine, filing 61, is denied.

Dated August 14, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge