```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA

SHERRY VANEK,                    )
                                 )
            Plaintiff,           )        4:06CV3223
                                 )
      v.                         )
                                 )
I.I., INC.,                      )        MEMORANDUM AND ORDER
                                 )
            Defendant.           )
                                 )
```

A hearing was held before the undersigned on August 20, 2007 at 3:00 p.m. by telephone conference on the defendant's counsel's motion to withdraw. The parties were represented by counsel as follows: Kathleen M. Neary for the plaintiff; Mark A. Fahleson and Sarah S. Pillen for the defendant.

Prior to the conference a person identifying himself as Jim Levitt, the "owner" of the defendant, telephoned the office of the undersigned magistrate judge. He requested permission to be included in the telephone conference. He was advised that he would not be permitted to participate in the conference call because: The defendant was represented by counsel until counsel were permitted to withdraw; the motion to withdraw would be the only matter heard by the court during the conference; and after the conference an order would be entered that, if the motion were granted, would give the defendant instructions on how then to proceed. In addition, of course, was the matter that a telephone identification is insufficient to establish that the person who called was, in fact, the person or officer he claimed to be, and the important additional matter that the defendant is a corporation, and a corporation cannot represent itself in federal court, through its officers, owners, or otherwise; it must have counsel. <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>,

86 F.3d 852, 857 (8th Cir. 1996); United States v. Van Stelton, 988 F.2d 70 (8th Cir. 1993); Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983).

The court heard the comments of counsel on the motion. Mr. Fahleson described in general terms recent events which had interfered with a positive and productive relationship between client and counsel. He did not disclose any confidential information of any kind. He stated that he and Ms. Pillen had concluded that the firm of Rembolt Ludtke LLP was ethically required to seek leave of the court to withdraw from representing the defendant. Upon consideration of the matters described during the hearing, I agree.

IT THEREFORE HEREBY IS ORDERED:

1. The motion to withdraw, filing 91, is granted, effective upon the filing of a certificate of service or affidavit stating that defendant's attorneys have caused a copy of this order to be expeditiously served upon the defendant as well as appropriate officers or agents, and stating the date and manner of service.

2. The defendant is given until 5:00 p.m. on August 24, 2007 to obtain the services of new counsel and have that attorney file an appearance in this case. Because the defendant is a corporation, it may not appear in this case pro se. Failure to comply with this provision of this order will result in the defendant being in default, and a default judgment may be ordered against it.

3. All provisions of the court's extant progression and mediation orders remain in effect.

DATED this 20th day of August, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

2